MICHAEL I. WAYNE
CA Bar No. 169840
Email: michaelwayne1@mac.com
LAW OFFICES OF MICHAEL WAYNE, APC
149 So. Barrington Ave., No. 143
Los Angeles, CA 90049
Tel: (310) 926-6453

GARMAN TURNER GORDON LLP
ERIKA PIKE TURNER
Nevada Bar No. 6454 *Pro Hac Vice Pending*
Email: eturner@gtg.legal
DYLAN T. CICILIANO
Nevada Bar No. 12348 *Pro Hac Vice Pending*
Email: dciciliano@gtg.legal
STEPHEN A. DAVIS
Nevada Bar No. 14185 *Pro Hac Vice Pending*
Email: sdavis@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Tel: (725) 777-3000
Fax: (725) 777-3112

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SELTZER, an individual, ALEXANDER S. GAREEB, an individual, and BASHIR HAJJAR, an individual,,<br><br>Plaintiffs,<br><br>vs.<br><br>ACC ENTERPRISES LLC, a Nevada Limited Liability Company; HOWARD MISLE, an individual; STEVE RADUSCH, an individual; MEGHAN KONECNE, an individual; JOHN LUCCHINO, an individual; INNOVATIVE REAL ESTATE HOLDINGS, LLC, a Delaware Limited Liability Company; AMERICAN METAL RECYCLING SERVICES, INC., a California corporation; AMERICAN METAL RECYCLING SERVICES OF NEVADA, INC., a Nevada corporation; CALVADA PARTNERS LLC., a Nevada Limited Liability Company; NEVADA REAL ESTATE HOLDINGS, LLC, a Nevada Limited Liability Company; and RECYCLING SPECIALIST, INC., a California corporation; and DOES 1 through 100,<br><br>Defendants. | CASE NO.: _____<br><br>**NOTICE OF REMOVAL** |

1     **TO THE CLERK OF THE COURT:**

2     **PLEASE TAKE NOTICE** that Defendants ACC Enterprises LLC ("ACC"), Howard Misle ("Misle"), Steve Radusch ("Radusch"), Meghan Konecne ("Konecne"), John Lucchino ("Lucchino"), Innovative Real Estate Holdings, LLC, American Metal Recycling Services, Inc., American Metal Recycling Services of Nevada, Inc., Calvada Partners LLC ("Calvada"), Nevada Real Estate Holdings, LLC, and Recycling Specialist, Inc. (collectively, "Defendants"), by its undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. § 1441, removing the action commenced against Defendants by Plaintiffs Peter Seltzer ("Seltzer"), Alexander S. Gareeb, ("Gareeb"), and Bashir Hajjar (collectively, the "Plaintiffs"), captioned *Peter Seltzer et al. v. ACC Enterprises LLC*, Case No. 19STCV20438 (the "State Court Case"), from the Superior Court of the State of California, County of Los Angeles-Central District (the "California State Court"), to the United States District Court for the Central District of California (the "Central District Federal Court"). Central District Federal Court has original jurisdiction over the State Court Case under 28 U.S.C. § 1331.

## BACKGROUND OF THE CASE

**A.**    **Seltzer filed a similar matter before the Central District Federal Court, which was dismissed.**

On May 16, 2019, Seltzer, through counsel, who is Plaintiff Gareeb, filed a complaint against, *inter alia*, Defendants ACC Enterprises, LLC ("ACC"), Calvada Partners, LLC ("Calvada"), Innovative Real Estate Holdings, LLC, Meghan Konecne, and John Lucchino, in the Central District Federal Court, Case No. 19-CV-04260-DMG-JPR (the "First Case"). The complaint alleged Seltzer was a member of ACC and that the defendants were liable to Seltzer for transferring ACC's property, fraud, breaches of fiduciary duty and unjust enrichment. [First Case, ECF No. 1].

On May 21, 2019, the Honorable Dolly M. Gee issued an order to show cause why the complaint in the First Case should not be dismissed for lack of subject matter jurisdiction and improper venue—*sua sponte* contending that the matter should have been brought in Nevada. [*Id.* at ECF No. 7]. On May 29, 2019, the court dismissed the First Case without prejudice for lack of

subject matter jurisdiction. [*Id*. at ECF No. 9]. Jurisdiction in the First Case was premised solely on diversity and Seltzer did not allege any claims arising under federal law.

B. **Plaintiffs has reinvented the claims from the First Case in the State Court Case, and has asserted multiple claims under the federal RICO statute.**

On June 21, 2019, Plaintiffs, including Seltzer and his counsel, brought the State Court Case in the California State Court. The State Court Case again concerns Defendant Misle's (and his affiliates) operation of ACC and presents a nearly identical factual predicate to Seltzer's claims in the First Case.

ACC, a Nevada limited-liability company, is the focus of the complaint, and it was the focus of the First Case. Specifically, ACC possesses a Nevada marijuana cultivation license and operates in Pahrump, Nevada. It has no operations in California. Plaintiffs each claim that they have a membership interest in ACC and that their claims arise from that interest.

Like the First Case, Plaintiffs falsely accuse Misle of mismanaging ACC and of "flagrant and criminal looting of corporate assets, illegal asset stripping, self-dealing, usurping of corporate opportunities, violations of fiduciary duties, gross mismanagement, corporate waste, oppression of minority shareholders, disregard of actual conflicts of interest, and violations of basic corporate governance requirements." (Exhibit 1 at ¶ 2). They further contend that Misle is engaged in "criminal activity, such as tax evasion and money laundering." (*Id*.).

To harass Misle, Plaintiffs also named as Defendants Misle's wife, Konecne; ACC's ex-chief financial officer, Radusch; and ACC or Misle's affiliates including Innovative Real Estate Holdings, LLC, American Metal Recycling Services, Inc., American Metal Recycling Services of Nevada, Inc., Calvada, Nevada Real Estate Holdings, LLC, and Recycling Specialist, Inc.

Plaintiffs then collectively claim that Defendants abused their fiduciary positions by the following:

a. Usurping Corporate Assets and other Improper Appropriation of Investor Proceeds;
b. Misappropriation of ACC Assets;
c. Defendants Illegally Diverted to Themselves Sales of Corporate Opportunities Which In Turn Rendered the Company Cash-Starved
d. Profiting from ACC's Cash Starvation;
e. Elimination of All Oversight;

   f. Domination of Management to the Detriment of Shareholders/Members;
   g. Misleading Directors, Officers, and Shareholders/Members;
   h. Disloyalty;
   i. Improper/Illegal Management Practices that Place at Risk ACC Valuable Assets Including Licenses;
   j. Failure to Provide Shareholders Information, Accurate or Otherwise
   k. Defendants Deprived ACC of the Opportunities to Acquire Desperately Needed Additional Working Capital;
   l. Defendants Treated Shareholders Unfairly;
   m. Embezzlement;
   n. Money Laundering;
   o. Misrepresentation;
   p. Violations and/or Non-Compliance with the Requirements under the Nevada Department of Taxation, Among Others; and/or
   q. Tax Evasion;

(*Id*. at ¶ 3).

On their allegations, Plaintiffs invoke federal law by bringing four causes of action under the Racketeer Influenced and Corrupt Organizations ("RICO") Act. Specifically, their Sixteenth, Seventeenth, Eighteenth and Nineteenth causes of action arise under 28 USC 1962 (a) to (d). (Exhibit 1, at pp.48-50).

### GROUNDS FOR REMOVAL- FEDERAL QUESTION JURISDICTION

Removal is appropriate under section 1441(a) of the United States Code. The district courts of the United States have original jurisdiction over this action under 28 U.S.C. § 1331.

Federal courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. RICO violations under 28 USC § 1962 are claims arising under federal law that permit a defendant to remove an action pursuant to 28 USC 1441(a). *Rexford Pico, LLC v. Ocean Park Hotels MMHI, LLC*, 2012 WL 12507596, at *2 (C.D. Cal. Feb. 2, 2012); *Bralich v. Sullivan*, 2017 WL 9325638, at *3 (D. Haw. Aug. 8, 2017); *Levesque v. Coleman*, 2007 WL 2518834, at *1 (N.D. Cal. Aug. 31, 2007); *Burnette v. Godshall,* 1993 WL 281082 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co., Inc.*, 72 F.3d 766 (9th Cir. 1995).

Plaintiffs have asserted four RICO causes of action. Thus, the complaint has pled claims arising under federal law, such that the Federal District Court has original jurisdiction over the matter.

Likewise, the complaint expressly acknowledges that federal jurisdiction exists:

> This Court has jurisdiction over all causes of action asserted herein based on subject matter jurisdiction over the civil RICO claims. 18 U.S.C. Section 1964 (1994); 28 U.S.C. Section 1331 (1994); *see also, Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194-1195 (9th Cir. 1988) (noting that federal courts have concurrent jurisdiction over RICO claims and pendent jurisdiction over state claims joined with RICO claims).

(Complaint, at ¶ 7).

## NO WAIVER

Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of Defendants' rights to assert defenses or objections including, without limitation, the defenses of (i) lack of jurisdiction over the person; (ii) improper venue and/or *forum non conveniens*; (iii) insufficiency or lack of process or service of process; (iv) improper joinder of claims and/or parties; (v) failure to state a claim; (vi) failure to join an indispensable party(ies); or (vii) any other procedural or substantive defense available under state or federal law.

If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present further evidence and oral argument in support of their position that this case was properly removed.

## TIMELINESS

Defendant has timely filed this Notice of Removal within the 30-day period provided for by 28 U.S.C. § 1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  The Complaint was filed on June 12, 2019. Accordingly, less than 30 days have elapsed since the filing of the Complaint, let alone service of process.

Upon information and belief, only Innovative Real Estate Holdings, LLC has been served. Innovative Real Estate Holdings, LLC was served on June 13, 2019.

## CONSENT TO REMOVAL

When a matter is removed based on 28 USC 1441(a), all proper Defendants that have been served must consent to the removal of the action. Even though Innovative Real Estate Holdings, LLC is the only defendant that has been served, all Defendants have consented to removal.

/ / /

/ / /

Garman Turner Gordon LLP
600 White Drive
Las Vegas, Nevada 89119
(725) 777-3000

**NOTICE**

Defendants will promptly give written notice of this Notice of Removal to Plaintiffs and will file a copy of the notice with the clerk of the California State Court pursuant to 28 U.S.C. 1446(d).

Dated this 28th day of June 2019.

LAW OFFICES OF MICHAEL WAYNE, APC

  /s/ Michael I. Wayne
MICHAEL I. WAYNE
CA Bar No. 169840
Email: michaelwayne1@mac.com
LAW OFFICES OF MICHAEL WAYNE, APC
149 So. Barrington Ave., No. 143
Los Angeles, CA 90049
Tel: (310) 926-6453

GARMAN TURNER GORDON LLP
ERIKA PIKE TURNER
Nevada Bar No. 6454 *Pro Hac Vice Pending*
DYLAN T. CICILIANO
Nevada Bar No. 12348 *Pro Hac Vice Pending*
STEPHEN A. DAVIS
Nevada Bar No. 14185 *Pro Hac Vice Pending*
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Tel: (725) 777-3000
Fax: (725) 777-3112
*Attorneys for Defendants*

4811-1003-0747, v. 2